UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 24-CR-00721 (KMW) |
| v. | : | Hon. Karen M. Williams |
| CODY STARR | : | <u>STIPULATED PROTECTIVE ORDER</u> |

This matter having come before the Court on the joint application of the United States, by Philip R. Sellinger, United States Attorney for the District of New Jersey (by Katelyn R. Waegener, Special Assistant U.S. Attorney); defendant CODY STARR represented by Maggie Moy, Esq. (hereafter the "Defendant") for a protective order, the parties respectfully request that the Court issue an Order in the form set forth below. The parties state as follows:

1. The Defendant is presently charged in a fourteen-count indictment charging him with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), one count of possession of a machine gun, in violation of 18 U.S.C. § 922(0) and 924(a)(2), four counts of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), four counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and four counts of engaging in the business of firearms trafficking without a license, in violation of 18 U.S.C. § 922(a)(1)(A).

2. The discovery materials in this matter consist of, among other things: undercover controlled purchase recordings, data from cellular telephones, business records, and investigative reports.

3. Undersigned counsel for the Defendant, the Defendant through his counsel, and all other individuals identified in paragraph 7, by and through counsel for the Defendant, consent to the protection of such discovery materials on the terms set forth below.

4. The discovery materials the United States has provided and seeks to provide to counsel for the Defendant includes images and personal identifying information of Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter, "ATF") undercover special agents and confidential informants, including but not limited to photographs, videos, recordings, names, identifying information, as well as sensitive, non-public information. (hereinafter, "Protected Information").

5. The Defendant and his counsel understand and accept the limited purposes for which they may use these discovery materials. The defense will not make any other use of these materials, and agrees not to share them with any other individual or party outside of the authorized persons identified in paragraph 7, and subject to the terms and limited exceptions set forth herein.

6. The parties recognize that there is a significant possibility that disclosure of the Protected Information would be detrimental to undercover special agents and confidential informants. Given the risks posed by disclosure and the prevalence of Protected Information throughout the discovery materials, all discovery materials are to be treated as Protected Information.

7. Access to Protected Information will be restricted to the Defendant and his attorney of record, and those attorneys' associated paralegals, investigators, experts (retained pursuant to a written retainer agreement by the Defendant and/or his counsel in connection with the criminal case), secretaries employed by the attorneys of record and performing services on behalf of the

Defendant, and such other persons as hereafter may be authorized by the United States or the Court upon motion by the defense. Protected Information may not be provided to or remain in the custody of prospective witnesses or other unauthorized persons, and to the limited extent set forth below in sub-paragraphs 8.d. and 8.e., may not be provided to or remain in the custody of the Defendant.

8. The following restrictions apply to the individuals designated above in paragraph 7 unless further ordered by the Court. The above-designated individuals **shall not**:

   a. Disseminate copies of Protected Information to persons not authorized in paragraph 7;

   b. Allow persons not authorized in paragraph 7 to read, view, or listen to Protected Information;

   c. Use Protected Information for any purpose other than plea negotiations or preparing for the Defendant's defense in this case (i.e., for proffer meetings, hearings, or trial);

   d. Provide or otherwise allow the Defendant to possess any photographs, video recordings, or still images from those video recordings to the extent those images show identifying features of or identifying information relating to undercover agents or confidential informants (i.e., faces or other identifying information);

   e. Provide or otherwise allow the Defendant to possess data or other materials and information extracted from cellular telephones pursuant to consent searches or court-authorized search warrants, except that nothing in this provision is

      intended to prevent counsel from providing selected materials designated by either the United States or the Defendant as exhibits at trial;

    f. With respect to the Defendant specifically, duplicate any discovery materials, whether by photocopy, photograph, writing, or otherwise, except that the Defendant may take notes for the limited purpose of assisting in his defense, so long as those notes are not disseminated or shown to persons other than authorized persons identified in paragraph 7 and do not amount to duplicates of materials protected herein.

9. The Defendant's attorneys shall inform any person to whom disclosure may be made, pursuant to this Order, of the existence and terms of this Court's Order. The Defendant's attorneys shall provide that person a copy of this Order. The designated person shall be subject to the terms of this Order. Defense counsel shall maintain a record of all such persons who have received Protected Information, which record shall be provided to the United States upon request.

10. Authorized persons identified in paragraph 7 may not disclose Protected Information to any unauthorized person unless the Defendant and/or his counsel makes a written request to the United States for an exception to these restrictions, and such a request is granted. If such exceptions are refused, the Defendant and/or his counsel may seek relief from the Court.

11. Authorized persons identified in paragraph 7 shall store the Protected Information in a secure place and shall use reasonable care to ensure that the Protected Information is not disclosed or disseminated to any third party in violation of this Order. In the event of any inadvertent disclosure of Protected Information, counsel for the Defendant shall promptly notify the Court and the United States as to the identity of the recipient of the inadvertently produced

Protected Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Information.

12. The requested restrictions shall not restrict or limit the use or introduction as evidence of discovery materials containing Protected Information during hearings or trials in this matter, if the inclusion of such information is relevant and otherwise admissible pursuant to the Federal Rules of Evidence and in compliance with any applicable Local Rules.

13. This stipulation is binding on all future and successor counsel, and applies to Protected Information disclosed to the Defendant and defense counsel prior to the date of the Order below.

14. The Defendant and his counsel agree that they have no ownership or proprietary interest in the materials subject to the below Order. Upon conclusion of this litigation (i.e., when the Defendant has exhausted any right of direct appeal from any judgment and conviction resulting from a trial or guilty plea), the Defendant's attorneys shall return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all materials containing Protected Information within a reasonable time, not to exceed sixty (60) days after the conclusion of the litigation.

## ORDER

IT IS SO ORDERED

this ___13th___ day of ___November___ 2024.

Camden, New Jersey

_____
HONORABLE KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Form and entry consented to:

_____
MAGGIE MOY, ESQ.
Attorney for defendant
Date: __11/12/2024__

PHILIP R. SELLINGER
United States Attorney

*/s/ Katelyn R. Waegener*
KATELYN R. WAEGENER
Special Assistant United States Attorney
Date: __11/12/2024__